Richard P. Herman SBN: 053743
LAW OFFICE OF RICHARD P. HERMAN
P. O. Box 53114
Irvine, CA 92619
Telephone: 714-547-8512
Facsimile: 949-209-2693
Email: rherman@richardphermanlaw.com

Nicholas P. Kohan    SBN: 257134
KOHAN & BABLOVE LLP
1101 Dove Street Ste 220
Newport Beach, CA 92660
Telephone: 949-535-1341
Facsimile: 949-535-1449
Email:  nkohan@dkblawyers.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| Sandra Quinones, Individually and for Baby, <br><br> Plaintiffs, <br> vs. <br> County of Orange, a Governmental Entity; and DOES 1-50. <br><br> Defendants. | CASE NO: <br><br> **COMPLAINT FOR DAMAGES** <br><br> *JURY TRIAL DEMANDED* |

  1. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 as Plaintiff alleges, among other things, violations of the Fourteenth Amendment to the U.S. Constitution, 42 U.S.C. § 1983, and the Bane Act.

COMPLAINT

1

2.   Venue is proper as all facts and circumstances which form the basis of the allegations made therein occurred withing the County of Orange in the State of California.

3.   Defendant County of Orange, hereinafter also referred to as "County of Orange" or "County", is a political subdivision of the State of California and is a municipal entity, located within the territorial jurisdiction of this Honorable Court.

4.   Defendants DOES 1 through 50, inclusive, are sworn peace officers and/or deputy sheriffs and/or supervisors and/or investigators and/ Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant County of Orange, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to Plaintiff for the acts complained of in this action, whose identities are, and remain unknown to Plaintiff, who will amend their complaint to add and to show the actual names of said DOE defendants when ascertained by Plaintiff.

5.   At all times complained of herein, DOES 1 through 50,cinclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by defendant County of Orange, and were acting in the course of and within the scope of their employment with defendant County of Orange.

6. Plaintiff is presently unaware of the identities of DOES 1 through 50, inclusive, and will amend her complaint to add and to show the actual names of said DOE defendants, when ascertained by Plaintiff.

7. In addition to the above and foregoing, defendants DOES 1 through 50, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the Plaintiff of her Federal Constitutional and statutory rights, as complained of in this action, and acted in joint and concerted action to so deprive Plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law.

8. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the Plaintiff's federal and state constitutional and statutory rights, as complained of herein.

**FIRST CLAIMS**

**SANDRA QUINONES INDIVIDUALLY AND FOR BABY , AGAINST COUNTY ORANGE AND DOES 1-50**

9. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the aforementioned allegations of this complaint.

COMPLAINT
3

10. On March 28, 2016 Sandra Quinones ("Ms. Quinones") was in custody in the Orange County jail and 6 months pregnant. Her water broke and she pushed the call button in her cell with no response for two (2) hours.

11. Defendants, and each of them, failed to call an ambulance and decided to transport her to the hospital on a non-emergency basis. If that was not despicable enough, Defendants acted with further deliberate indifference to the immediately medical needs of Ms. Quinones when they, among other things, stopped for Starbucks on the way to the hospital, instead of transporting Ms. Quinones directly to the hospital.

12. Ms. Quinones and her baby were hospitalized, and her baby then died. The aforementioned actions and inactions violated 42 U.S.C. §1983 and caused significant damages including emotional distress and wrongful death damages pursuant to California law.

13. Ms. Quinones has spent significant amount of time since the death of child in custody, tolling the statute for her 42 U.S.C. §1983 claim pursuant to Penal Code §352.1. Such in custody time period tolled the statute of limitations such the elapsed out of custody time for Quinones was less than 2 years.

14. Plaintiff Quinones is not in custody and, therefore, not subject to PLRA.

**PRAYER**

**WHEREFORE** Plaintiff prays that this Court award damages and provide relief as follows:

I. For all allowable special and general damages.

II. For attorney's fees and costs of suit pursuant to all applicable law including 42 U.S. §12205, 42 U.S.C. §1988 and Cal Civ. Code §52 and §54.

III. And for all other appropriate and just relief.

DATED:  April 6, 2020          Respectfully submitted,

_____
RICHARD P. HERMAN
NICHOLAS KOHAN
ATTORNEYS FOR PLAINTIFFS

**JURY TRIAL DEMANDED**

DATED: April 6, 2020           Respectfully submitted,

_____
RICHARD P. HERMAN
NICHOLAS KOHAN
ATTORNEYS FOR PLAINTIFFS