1  William L. Haluck, Esq. (SBN 80146)
2  Zachary M. Schwartz, Esq. (SBN 286498)
   Greg K. Koeller, Esq. (SBN 312470)
3  Koeller, Nebeker, Carlson & Haluck, LLP
   3 Park Plaza, Suite 1500
4  Irvine, CA 92614-8558
   949-864-3400; fax: 949-864-9000
5  Email: *bill.haluck@knchlaw.com*
   *zachary.schwartz@knchlaw.com*

6  Attorneys for Defendant
   COUNTY OF ORANGE
7

8             **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

10

11  SANDRA QUINONES, individually        Case No.: 8:20-CV-00666-JVS (KESx)
    and as successor in interest to BABY    Assigned to: Hon. James V. Selna
12  QUINONES, deceased,                   Crt. Rm: 10C
                                          Magistrate Judge: Karen E. Scott
13              Plaintiffs,               Crt. Rm: 6D

14  v.                                    **DEFENDANT COUNTY OF
                                          ORANGE'S NOTICE OF MOTION
15  COUNTY OF ORANGE and DOES 1-          AND MOTION TO DISMISS
    10, inclusive,                        PLAINTIFF'S FIRST AMENDED
16                                        COMPLAINT**
                Defendants.              *Filed concurrently with Memo of
17                                       Points and Authorities; Request for
                                         Judicial Notice; Declaration of
18                                       Zachary Schwartz; Proposed Order*

19                                       DATE:         September 28, 2020
                                         TIME:         1:30 PM
20                                       CRT RM:       10C

21                                       Action Date:      4/6/20
                                         Trial Date:       5/11/21
22

23

24        **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

25        **PLEASE TAKE NOTICE** that on September 28, 2020 at 1:30 p.m. or as

26  soon thereafter as the matter may be heard in the above-entitled court, located at the

27  Ronald Reagan Federal Building and U.S. Courthouse, 411 West 4th Street, Santa

28  Ana, CA 92701-4516, Defendant COUNTY OF ORANGE ("County") will and

hereby moves this Court pursuant to Federal Rule of Civil Procedure (FRCP) 12(b)(6) to dismiss Plaintiff SANDRA QUINONES'S ("Plaintiff") First Amended Complaint ("FAC") for failure to state a plausible claim and entitlement to relief.

In particular, Defendants move to dismiss the following claims, causes of action, and plaintiffs on the following grounds:

1. "Baby" was dismissed as a party from this action **with prejudice** by the Court. (Dkt. 19 at p. 8.) Baby Quinones is improperly included in the FAC as a party. Baby should be dismissed with prejudice again under the doctrine of res judicata.

2. All of Plaintiff's claims, state and federal, are barred by California's two-year statute of limitations and Plaintiff has failed to allege sufficient facts to establish tolling under *Code of Civil Procedure* § 352 for mental incapacity. Plaintiff's claims accrued on the date of the incident giving rise to Plaintiff's claims, March 29, 2016. Plaintiff didn't commence this lawsuit until about three-and-a-half (3.5) years later on September 9, 2019, when she was added to the First Amended Complaint in the civil action *Moon v. County of Orange*, also pending in this Court. Plaintiff claims she lacks mental capacity, but Plaintiff fails to allege sufficient facts in the FAC demonstrating that she lacked mental capacity at the time her claims accrued on March 29, 2016, Plaintiff fails to allege sufficient facts showing that her claimed mental incapacity was continuous and uninterrupted from March 29, 2016 to September 9, 2017 (1.5 years), and Plaintiff's guilty plea in Orange County Superior Court Case No. 16NF0789 conclusively establishes as a matter of law that at least on April 14, 2016, Plaintiff had legal capacity to make decisions and any alleged subsequent moments or periods of mental incapacity do not restart the tolling of the statute of

limitations. Moreover, because Plaintiff made representations to the Court in Case No, 16NF0789 establishing her mental competency in order to obtain probation instead of a possible maximum sentence of 5 years and 2 months,  the doctrine of judicial estoppel prevents Plaintiff from taking a contrary position in this Court to gain an advantage. All claims (federal and state) should therefore be dismissed as barred by statute of limitations.

3.  Any purported state law claims are barred because Plaintiff failed to comply with the California Tort Claims Act and Plaintiff has failed to allege any facts demonstrating compliance with the Tort Claims Act. See Gov. Code §§ 912.4, 945.4; see also *Munoz v. State of Calif.*, 33 Cal.App.4th 1767, 1776 (1995). The time to submit a government claim has long expired and this defect cannot be remedied by amendment. All purported state law claims, including wrongful death and survivor claims should be dismissed.

4.  The County is immune from liability from the Seventh, Eighth, and Ninth Claims for Relief pursuant to *Government Code* § 844.6. Therefore, the Seventh, Eighth, and Ninth Claims for Relief should be dismissed.

This Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Declaration of Zachary Schwartz, the County's Request for Judicial Notice, and the pleadings and papers filed herein.

**This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place between counsel via email and then telephone on August 21, 2020**. During the meet and confer, Plaintiff acknowledged that Baby Quinones should be dismissed from the FAC due to the Court's prior order

dismissing Baby Quinones with prejudice, Plaintiff acknowledged that there was no government claim submitted and that Plaintiff cannot pursue state law claims, and Plaintiff acknowledged that *Government Code* § 844.6 immunity bars the Seventh, Eighth, and Ninth Claims for Relief against the County of Orange. The Parties would have entered a stipulation to dismiss Baby Quinones and the state law claims from the FAC, but the Parties agree this Motion is still required because of disagreement with the statute of limitations issue.


DATED:  August 28, 2020                  Koeller, Nebeker, Carlson & Haluck, LLP

                                         */s/ Zachary M. Schwartz*_____

                                         William L. Haluck, Esq.
                                         Zachary M. Schwartz, Esq.
                                         Greg K. Koeller, Esq.
                                         Attorneys for Defendant,
                                         COUNTY OF ORANGE

DEFENDANT COUNTY OF ORANGE'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA)
)
COUNTY OF ORANGE )

I, Connie B. Reinglass, declare that:

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  3 Park Plaza, Suite 1500, Irvine, California 92614-8558.

On **August 28, 2020**, I served the foregoing document, described **DEFENDANT COUNTY OF ORANGE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** on the interested parties in this action by placing ☐ the original ☐ a true copy in a separate sealed envelope addressed to the following addresses:

| | |
|---|---|
| Richard P. Herman, Esq.<br>LAW OFFICE OF RICHARD P. HERMAN<br>P. O. Box 53114<br>Irvine, CA  92619<br><br>(714) 547-8512<br>FAX (949) 209-2693<br><br>rherman@richardphermanlaw.com<br><br><br>Nicholas P. Kohan, Esq.<br>KOHAN BABLOVE LLP<br>1101 Dove Street, Ste. 220<br>Newport Beach, CA  92660<br><br>(949) 535-1341<br>FAX  (949) 535-1449<br><br>nkohan@dkblawyers.com | Attorneys for Plaintiffs |

☐ **BY E-MAIL**:  I caused the above-described document(s) to be transmitted to the offices of the interested parties at the e-mail addresses indicated.

☐ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U. S. postal service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

004.579:403411v1

DEFENDANT COUNTY OF ORANGE'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT

☒ **BY ELECTRONIC TRANSFER TO THE CM/ECF SYSTEM:** On this date, I electronically uploaded a true and correct copy in Adobe "pdf" format the above listed document(s) to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon receipt of the Notice of Electronic Filing ("NEF") by the registered CM/ECF users.

☐ **BY EXPRESS MAIL OR "ANOTHER METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY":** I deposited such envelope in a box or other facility regularly maintained by the express service carrier at Irvine, California. The envelope was deposited with delivery fees provided for on a fully prepaid basis.

☐ **BY FACSIMILE TRANSMISSION:** This document was transmitted by facsimile transmission and such transmission was reported as complete and without error. The transmission report that was properly issued by the transmitting facsimile machine is attached to the conformed file copy of this document.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be hand-delivered to the office(s) of the addressee(s).

I DECLARE under penalty of perjury under the laws of the United States that the above is true and correct. I further declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **August 28, 2020**, at Irvine, California.

_/s/ Connie B. Reinglass_
Connie B. Reinglass

Case No. 8:20-CV-00666-JVS (KESx)

DEFENDANT COUNTY OF ORANGE'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT