**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANDRA QUINONES, Individually and as successor in interest to Baby Quinones, deceased,<br><br>          Plaintiff-Appellant,<br><br> v.<br><br>COUNTY OF ORANGE; DOES, 1-10, inclusive,<br><br>          Defendants-Appellees. | No.   20-56177<br><br>D.C. No.<br>8:20-cv-00666-JVS-KES<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted October 20, 2021
Pasadena, California

Before: KLEINFELD, R. NELSON, and VANDYKE, Circuit Judges
Concurrence by Judge VANDYKE

     Sandra Quinones appeals from the district court's dismissal of her 42 U.S.C. § 1983 civil rights claim against Orange County. She brought her claim outside the statute of limitations period. The district court held that the statute was not

---

    [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

tolled and thus dismissed the complaint. We have jurisdiction under 28 U.S.C. § 1291 and we reverse.

We review the district court's dismissal for failure to state a claim de novo. *Wilson v. Lynch*, 835 F.3d 1083, 1090 (9th Cir. 2016). At the motion to dismiss stage, the court must take all factual allegations as true, strip out all conclusory statements, and ask whether the plaintiff has stated a plausible, not just possible, claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Aschroft v. Iqbal*, 556 U.S. 662 (2009).

Despite her guilty plea, Quinones stated a claim for statutory tolling under California Code of Civil Procedure § 352.[1]

1. In California, the statute of limitations for a § 1983 claim is tolled under § 352 when a person is "lacking the legal capacity to make decisions." The California courts have interpreted this provision to apply only when a person is "incapable of caring for [her] property or transacting business, or understanding the nature or effects of [her] acts." *Feeley v. S. Pac. Transp. Co.*, 234 Cal. App. 3d 949, 951–52 (1991) (citing *Pearl v. Pearl*, 177 Cal. 303, 307 (1918)). To toll the statute of limitations under this section, the plaintiff must show incapacity for the entire tolling period, not just at the beginning or at a single point. *Rose v. Petaluma & Santa Rosa Ry. Co.*, 64 Cal.App. 213, 216–18 (1923), *rev'd on other*

---

[1] We also decline to strike Quinones's brief under Fed. R. App. P. 28(a).

*grounds by Harris v. Industrial Accident Comm'n of Cal.*, 204 Cal. 432, 438 (1928). Failing to appreciate the connection between the events in question and one's injuries is not enough to show incapacity. *DeRose v. Carswell*, 196 Cal. App. 3d 1011, 1027–28 (1987). And neither is commitment to a mental institution, when the commitment proceeding focuses on the person's need for supervision or treatment, or danger to others, because these factors do not necessarily show that the plaintiff was incapable of caring for property or transacting business, or understanding the nature and effect of her acts. *Hsu v. Mt. Zion Hosp.*, 259 Cal.App.2d 562, 571–72 (1968). But an unconscious person is incapable, *Feeley*, 234 Cal. App 3d at 953, as is a person "without basic physical or cognitive skills," *Alcott Rehab. Hosp. v. Superior Ct.*, 93 Cal. App. 4th 94, 96 (2001).

First, Quinones's allegations that she suffers from several different conditions "as a result of the incident," suffice to allege tolling over the entire period. And second, Quinones's allegations that she was mentally impaired and that she thought that someone else was controlling her mind are enough to state a plausible claim that she was incapable of "caring for [her] property or transacting business, or understanding the nature [and] effects of [her] acts." *Id*. at 952 (citing *Pearl*, 177 Cal. at 307); *cf. Stoll v. Runyon*, 165 F.3d 1238 (9th Cir. 1999) (granting summary judgment to plaintiff on a tolling claim under similar, although more forgiving, federal rule).

2. Quinones's guilty plea is not an obstacle at this stage of the proceedings. The County argues that Quinones is legally barred from asserting incapacity because she could not lack capacity to make decisions while also interacting with appointed criminal counsel and intelligently and voluntarily waiving her rights to a jury trial and appeal. But the County fails to discuss some of the legal doctrines that might bar her claim (issue preclusion and claim preclusion, under California law), and the doctrines it does discuss either fail (blatant contradiction, under *Scott v. Harris*, 550 U.S. 372 (2007)) or require additional fact-finding (judicial estoppel).

First, while the district court properly took judicial notice of Quinones's guilty plea and her statements, it did not (and could not) take judicial notice of the underlying fact of her mental state. At the motion to dismiss stage, a court "may take judicial notice of matters of public record," but "cannot take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 998, 999 (9th Cir. 2018). Quinones's mental state is a disputed fact: the district court properly declined to judicially notice it.

Second, the County cites *Whitaker v. LaRoche*, No. 18cv171-CAB-BGS, 2018 WL 6601850 (S.D. Cal. Dec. 17, 2018), but that case improperly applied a rule about summary judgment (*Scott v. Harris*, 550 U.S. 372 (2007)) at the motion to dismiss stage.

4

Third, the County's judicial estoppel argument requires additional fact-finding and thus cannot resolve Quinones's claim at the motion to dismiss stage. If Quinones was incapacitated at the time of her guilty plea, then her statement that she was capable was an honest mistake, and judicial estoppel might not apply. *See Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 272 (9th Cir. 2013).

Because Quinones stated a claim for tolling under § 352 and judicial estoppel does not apply at this stage of the proceedings, we **REVERSE.**

FILED

DEC 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Sandra Quinones v. County of Orange*, No. 20-56177

VANDYKE, Circuit Judge, concurring in the judgment.

I agree with the majority's decision to remand this case to the district court but I would do so for a different reason. Namely, because in my view the district court should have addressed plaintiff's equitable estoppel argument that "Ms. Quinones was threatened by defendant employees not to bring an action regarding their conduct" and a "defendant is not entitled to benefit from the effects of its own … outrageous acts." This was an independent argument to excuse plaintiff's late filing under California law and should have been considered before dismissing her lawsuit. I believe the district court should address that argument on remand, but I express no view on its merits.